Gary R. SCHAEFFER, Plaintiff–
Appellant,

v.

VILLAGE OF OSSINING, Michael
Fortini, David P. See, James Foley,
Defendants–Appellees.

No. 1415, Docket 94–7841.

United States Court of Appeals,
Second Circuit.

Argued April 19, 1995.

Decided June 23, 1995.

Robert E. Harris, Albany, for appellant.

Leslie K. Arfine, White Plains, (George S. Hodges, Boeggeman, George, Hodges & Corde, White Plains, of counsel), for appellees.

Before: MESKILL, ALTIMARI and CALABRESI, Circuit Judges.

MESKILL, Circuit Judge:

Plaintiff Gary R. Schaeffer appeals from a final judgment of the United States District Court for the Southern District of New York, Brieant, J., dismissing his civil rights action against the Village of Ossining (Village) and three Village police officers for defective and untimely service. For the reasons set forth below, we affirm the district court's decision as to the Village and reverse and remand with respect to the three individual defendants.

## BACKGROUND

On October 9, 1989 Officers Michael Fortini, James Foley and David See arrested Schaeffer for speeding and disorderly conduct following a routine traffic stop. Schaeffer alleges in his complaint that after the three officers placed him into custody following his arrest, he was strip searched, assaulted, and subjected to various forms of "degrading sexual and other humiliations." These charges ultimately were dismissed.

Three years later, on October 9, 1992, the last day of the applicable statute of limitations period, Schaeffer commenced the instant action in the Northern District of New York. The complaint alleged violations of his constitutional rights, under 42 U.S.C. §§ 1983 and 1985, as well as various pendent state law claims. Seventy-three days after the filing of the complaint, on December 22,

1992, a commercial process server employed by Schaeffer served the three police officers and the Village. One affidavit of service indicates that Tricia Zezze, an intermediate account clerk for the Village, was served on behalf of the Village, while the other affidavit named a "Lieutenant Sullivan, supervisor of officers" as the person of suitable age and discretion at the three police officers' place of business who accepted service on their behalf.

Subsequently, pursuant to the express consent of all parties, the case was transferred to the Southern District of New York, where the action should have been filed. The parties then commenced discovery. Thereafter the Village and the officers moved to dismiss the action, pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(5), on the ground of improper service. Specifically, the Village asserted that Zezze was statutorily ineligible to accept process on its behalf. *See* N.Y.Civ.Prac.L. & R. 311(6) (McKinney 1990) (designating particular municipal officers authorized to accept service on behalf of a village). The police officers maintained that Schaeffer had failed to mail copies of the summons and complaint to them, thereby violating New York's rule concerning substituted service. *See* N.Y.Civ. Prac.L. & R. 308(2) (McKinney 1990) (requiring delivery at actual place of business and subsequent mailing to either last known residence or actual place of business to effect service).

The district court granted the defendants' motion in a memorandum and order dated July 16, 1994. The district court first found that service was ineffective as to the Village because Zezze statutorily was not authorized to accept process on behalf of the Village. As to the three police officers, the district court believed it unnecessary to resolve the disputed issue of whether Schaeffer actually mailed the papers in compliance with New York Rule of Civil Procedure 308(2). Instead, the court concluded that the service had been untimely, regardless of any statutory infirmities in the service, as Schaeffer failed to serve process within sixty days after

the filing of the complaint as required by the United States District Court for the Northern District of New York. *See* N.D.N.Y. General Order # 25 (reducing time for service to sixty days from 120 day period imposed by Fed.R.Civ.P. 4(j)[1]).

Accordingly, the complaint was dismissed, and this appeal followed. It is undisputed that Schaeffer cannot now cure the defects in service, since any attempt to reserve process would be time barred.

## DISCUSSION

■ Schaeffer first argues that the service of process on the Village was proper. Under Fed.R.Civ.P. 4(d)(6), service

[u]pon a state . . . or other governmental organization thereof subject to suit [shall be effected] by delivering a copy of the summons and of the complaint to the chief executive officer thereof or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed.R.Civ.P. 4(d)(6). In New York service on a village may be accomplished only by delivering a copy of the summons and complaint to the "mayor, clerk, or any trustee." N.Y.Civ.Prac.L. & R. 311(6) (McKinney 1990). Appellant attempted to obtain jurisdiction over the Village by leaving the summons and complaint with the Village's intermediate account clerk, a position not authorized to accept service on the Village's behalf. Hence, the service here was improper. *See Reese v. Village of Great Neck Plaza,* 154 A.D.2d 683, 546 N.Y.S.2d 889, 889 (2d Dep't 1989) (holding that service on a subordinate village employee did not satisfy Civil Procedure Rule 311(6)); *Conway v. Bano Buick, Inc.,* 88 A.D.2d 609, 450 N.Y.S.2d 56, 57 (2d Dep't 1982) (same). Accordingly, we affirm the district court's decision to grant the Village's motion to dismiss pursuant to Rule 12(b)(5).

We now turn to the question of service on the three individual defendants. Schaeffer

---

1. Rule 4 of the Federal Rules of Civil Procedure was amended on April 22, 1993, with changes effective December 1, 1993. Because Schaeffer attempted service in this action prior to this amendment, we rely on the pre–1993 version of the Rule.

argues that the district court erred in applying the Northern District's shortened sixty day period for service of process, rather than the 120 days set forth in Fed.R.Civ.P. 4(j). We agree.

 Schaeffer originally filed this action in the United States District Court for the Northern District of New York. It is not disputed that venue was not properly laid in that district, as none of the defendants resided there and none of the events giving rise to Schaeffer's claim occurred in the Northern District. *See* 28 U.S.C. § 1391(b). Because venue was improper in the Northern District, the court, in lieu of dismissal, transferred the action to a district "in which it could have been brought," 28 U.S.C. § 1406(a),[2] *i.e.,* the Southern District of New York. Following a section 1406(a) transfer, however, "the transferee court should apply whatever law it would have applied had the action been properly commenced there." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 267 (2d ed.1986); *see, e.g., Tel-Phonic Servs. v. TBS Int'l,* 975 F.2d 1134, 1141–42 (5th Cir.1992) (applying law of the state in which transferee court sits following section 1406(a) transfer); *LaVay Corp. v. Dominion Fed. Savs. & Loan Ass'n,* 830 F.2d 522, 526 (4th Cir.1987) (same), *cert. denied,* 484 U.S. 1065, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988); *cf. Levy v. Pyramid Co. of Ithaca,* 871 F.2d 9, 10 (2d Cir.1989) (applying law of the state in which transferee court sits following transfer to cure defect of personal jurisdiction). Thus, the district court should have applied the Southern District's rule for service of process, which is Federal Rule 4(j). Since service may have been completed within the 120 day time frame provided by that rule, depending on the district court's resolution of certain disputed factual issues, we reverse the decision to dismiss Schaeffer's complaint against the three officers and remand for a determination of whether service was proper under New York Rule of Civil Procedure 308(2).

2. Section 1406(a) provides in its entirety:
The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

## CONCLUSION

We affirm the decision of the district court to grant the Village's motion to dismiss for insufficiency of service, reverse the decision below as to the three individual defendants, and remand for further proceedings.