Debra A. LAFFERTY, et al.

v.

Gito ST. RIEL, et al.

No. Civ.A. 05–4094.

United States District Court,
E.D. Pennsylvania.

Nov. 8, 2005.

Arthur S. Novello, Dashevsky, Horwitz, Di Sandro, Kuhn, Dempsey and Novello, Philadelphia, PA, Daniel J. Cahill, Youngblood Corcoran Lafferty & Hyberg, Linwood, NJ, for Debra A. Lafferty, et al.

Lloyd G. Parry, Davis Parry & Tyler, Philadelphia, PA, for Gito St. Riel, et al.

*MEMORANDUM*

BARTLE, District Judge.

This is a diversity action in which plaintiffs seek damages for personal injuries allegedly suffered in an automobile accident in West Earl Township, Lancaster County, Pennsylvania. The action was originally filed in the United States District Court for the District of New Jersey where plaintiffs reside. That court found venue to be improper under 28 U.S.C. § 1391(a) because both named defendants reside in Pennsylvania, and it transferred the action to this District pursuant to 28 U.S.C. § 1406(a). Before the court is the motion of defendants for judgment on the pleadings. They contend that the action is barred by the Pennsylvania statute of limitations.[1]

According to the complaint, the accident occurred on or about July 17, 2003. The action was filed in the District of New Jersey on July 11, 2005 and was ordered transferred to this District on July 27, 2005. In a diversity action, the Constitution requires that we apply the substantive law, including the conflict of laws rules, of the state where the District Court sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The substantive law of a state includes its statutes of limitations. *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). *Erie* and its progeny are grounded on the notion that actions in a state court and a federal court involving the same transaction or accident "should not lead to a substantially different result." *See Ferens v. John Deere Co.,* 494 U.S. 516, 524, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990).

If an action is transferred from a federal district court in one state to a

1. For present purposes, we will accept as true all well-pleaded facts. *Turbe v. Government of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991).


federal district court in another state under 28 U.S.C. § 1404(a) "for the convenience of the parties, in the interest of justice," the Supreme Court has held in *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and in *Ferens,* 494 U.S. at 527–28, 110 S.Ct. 1274, that the law of the state where the action was initially filed governs. A transfer under § 1404(a) presupposes that the action was originally instituted in a correct forum. In contrast, a transfer under § 1406(a) can occur only when the case, like this one, is originally filed in the wrong forum. It provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Since venue in the District of New Jersey was improper, the state law of the transferee forum, in this case, the law of Pennsylvania, must be applied. *Schaeffer v. Village of Ossining,* 58 F.3d 48, 50 (2d Cir.1995); *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134 (5th Cir. 1992). If this were not the rule, plaintiffs would have every incentive to initiate suit in the wrong federal forum if by doing so they could obtain the benefit of more favorable law, including a longer statute of limitations.

The Pennsylvania statute of limitations for a personal injury action is two years. 42 Pa. Cons.Stat. Ann. § 5524(2). While the action was filed in the New Jersey federal court within two years after the cause of action accrued,[2] the defendants argue that the Pennsylvania statute had run by the time the case was transferred to this District on July 27, 2005, the accident having occurred on July 17, 2003.

Under Pennsylvania law, an action is commenced by filing with the prothonotary of a Common Pleas Court either a praecipe for a writ of summons or a complaint. Pa. R. Civ. P. 1007. Tolling of the statute of limitations occurs at that time. *See* 42 Pa. Cons.Stat. Ann. §§ 5503 and 5524. Significantly, Pennsylvania law also provides:

> (a) ... A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.
>
> (b)(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the

2. The New Jersey statute of limitations for personal injuries is also two years. N.J. Stat. Ann. § 2A:14–2.

transfer provisions set forth in paragraph (2).

42 Pa. Cons.Stat. Ann. § 5103(a) and (b)(1).

Thus, the statute of limitations is tolled when a complaint is filed in a Pennsylvania state court or in any of the three federal district courts within the borders of the Commonwealth. Section 5103(b)(1) by its terms eliminates the need for a state court protective action when a lawsuit is filed in a Pennsylvania federal district court. If an action is timely brought in the Eastern, Middle, or Western District of Pennsylvania, it may be dismissed for lack of jurisdiction, or transferred to a Pennsylvania state court or to one of the other Pennsylvania federal courts without fear that the dismissal or transfer will result in the statute of limitations barring the action. That, however, is as far as § 5103(a) and (b)(1) goes. There are no provisions for tolling when a federal or state action is filed elsewhere. Nor is there anything in § 5103(a) and (b)(1) which states that the filing in a federal transferor court outside of Pennsylvania constitutes the commencement of an action for statute of limitations purposes if it is later transferred to a Pennsylvania federal court.[3] The reference in § 5103(a) and (b)(1) to the courts and district justices of Pennsylvania and to United States courts for the districts embracing a part of the Commonwealth necessarily means the exclusion of all other courts. *See Scott Twp. Appeal,* 388 Pa. 539, 130 A.2d 695, 698 (Pa.1957). Our Court of Appeals has reiterated that "if the action is barred by a Pennsylvania statute of limitations, no action can be maintained in Pennsylvania even though the action is not barred elsewhere." *Overfield v. Pennroad Corp.,* 146 F.2d 889, 898 (3d Cir.1944). Consequently, in order to avoid the possibility that the statute of limitations will bar an action in situations not exempted by § 5103(a) and (b)(1), it is necessary for a plaintiff to file a protective action in a Pennsylvania state court or one of the federal district courts sitting within the Commonwealth. This, of course, was not done here.

We are mindful of Rule 3 of the Federal Rules of Civil Procedure which reads, "a civil action is commenced by filing a complaint with the court." Accordingly, we must determine whether the Pennsylvania statute of limitations must be applied or whether we are dealing with a matter of procedure where the Federal Rules of Civil Procedure control. If Rule 3 prevails, the clock stopped on July 11, 2005 when the action was filed in the District of New Jersey. This would make the action timely.

We begin with the Supreme Court's decision in *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). There the Court was faced with the question whether service of process in a diversity case must be made in accordance with state law or Rule 4(d)(1) of the Federal Rules of Civil Procedure. While service complied with the specific provisions of the Rule, Massachusetts required the service of a complaint on an executor or administrator by "delivery in hand," which had not occurred. The District Court granted summary judgment to defendant because of inadequate service, and the Court of Appeals affirmed. The Supreme Court reversed. It held that the method of service was a matter of procedure governed by Rule 4 and not by state law. The Court explained, "The 'outcome-determination' test ... cannot be read without reference to the twin aims of the Erie rule: discour-

3. This issue will not arise when a transfer occurs under 28 U.S.C. § 1404(a) since the law of the transferor court will apply. *See Van Dusen,* 376 U.S. at 639, 84 S.Ct. 805.

agement of forum shopping and avoidance of inequitable administration of the laws." *Id.* at 468, 85 S.Ct. 1136. The Court went on to observe that "To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act [28 U.S.C. § 2072]." *Id.* at 473–74, 85 S.Ct. 1136.

Some fifteen years later, in *Walker v. Armco Steel Corp.,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the Supreme Court again grappled with the question as to when a diversity action is commenced for purposes of the tolling of the Oklahoma statute of limitations. The Oklahoma limitations period continues to run until the summons is served on the defendant, with certain exceptions not relevant there. In that case, while the action was filed in the United States District Court for the Western District of Oklahoma within the two year statutory limitations period, the summons was not served until thereafter. The Supreme Court held that the state statute of limitations trumped Rule 3 of the Federal Rules of Civil Procedure which, as noted above, provides that an action is commenced when the complaint is filed with the court. The Court explained that unlike the situation in *Hanna,* there was no direct clash between a federal rule and state law. It concluded that state law prevailed because the service requirement was:

> an "integral" part of the statute of limitations.... As such, the service rule must be considered part and parcel of the statute of limitations. Rule 3 does not replace such policy determinations found in state law. Rule 3 and [the Oklahoma statute of limitations] can exist side by side, therefore, each controlling its own intended sphere of coverage without conflict.
>
> Since there is no direct conflict between the Federal Rule and the state law, the *Hanna* analysis does not apply.

*Id.* at 752, 100 S.Ct. 1978 (footnotes omitted). The Supreme Court made it clear that the purpose of Rule 3 is not to toll the various state statutes of limitations:

> Rule 3 simply states that "[a] civil action is commenced by filing a complaint with the court." There is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations. In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run, but does not affect state statutes of limitations.

*Id.* at 750–51, 100 S.Ct. 1978 (footnotes omitted). *See Ragan v. Merchants Transfer & Warehouse Co.,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949).

In *Weaver v. Marine Bank,* 683 F.2d 744 (3d Cir.1982),[4] our Court of Appeals had occasion to pass upon the transfer of an action, with only state causes of action remaining, from the United States District Court for the Western District of Pennsylvania to the Court of Common Pleas of Erie County, Pennsylvania under § 5103(b)(1). It noted that plaintiff was "fortunate" that this provision was in place because it "obviates the limitations problem that might otherwise confront plaintiffs" from a dismissal. The Court of Ap-

4. We note that this opinion was issued prior to Congress' enactment of 28 U.S.C. § 1367 and that it is no longer necessary to dismiss state law claims that remain after the dismissal of all federal claims. Nonetheless, this case is instructive with respect to the application of § 5103.

peals recognized that § 5103(b)(1) was critical in determining the statute of limitations issue if no timely protective action had been filed.[5] It observed "in the context of diversity jurisdiction, that a state statute that bars a person from utilizing a state court likewise precludes suit in the federal court.... Thus, state law can effectively 'limit' the federal court's jurisdiction in the diversity setting." 683 F.2d at 747 n. 2.

For limitations purposes, the commencement of a diversity action is a matter of state, not federal, law. Rule 3 of the Federal Rules of Civil Procedure does not control. *Walker,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659; *Weaver,* 683 F.2d 744. Accordingly, the statute of limitations for an action governed by Pennsylvania law is not tolled until it is commenced, that is, filed, with the prothonotary of a court of the Commonwealth or in a federal court embraced within the Commonwealth. Here, the action was not transferred to the Eastern District of Pennsylvania from our sister court in New Jersey until July 27, 2005. The initial filing in the District of New Jersey on July 11, 2005 did not constitute "commencement of an action" under Pennsylvania law. In sum, this action was not commenced, that is, filed, in a federal court situated within the borders of Pennsylvania until at least July 27, 2005,[6] a date more than two years after July 17, 2003 when the automobile accident took place and the cause of action accrued. If this action had been brought originally in the Court of Common Pleas in any of the 67 counties of Pennsylvania or in the United States District Court for the Eastern, Middle, or Western District of Pennsylvania on July 27, 2005, it would clearly have been out of time. While diversity jurisdiction was established to reduce the potential for bias against out-of-state citizens such as the New Jersey plaintiffs here, it was not designed to advantage them with a statute of limitations which is longer than what is available to plaintiffs who happen to be citizens of the Commonwealth and cannot take advantage of the federal court's diversity jurisdiction. *York,* 326 U.S. at 109–112, 65 S.Ct. 1464.

Plaintiffs cite *Burnett v. N.Y. Central R.R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), in opposition to defendants' motion for judgment on the pleadings. This case is inapposite. It involved the Federal Employees' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.* The Supreme Court has interpreted the limitations period under the FELA as tolled once such an action is filed in a state court, even though later dismissed for improper venue, if a federal court action is later filed after the limitations period has expired. *Burnett,* 380 U.S. at 431–33, 85 S.Ct. 1050. The Supreme Court rightly analyzed the issue as one of legislative intent. *Id.* at 426, 85 S.Ct. 1050. We, of course, are not concerned here with the FELA which establishes a federal claim for relief and contains its own statute of limitations.

The plaintiffs also rely on *Mayo Clinic v. Kaiser,* 383 F.2d 653 (8th Cir.1967), a medical malpractice action originally filed in the United States District Court for the Southern District of Illinois. That court granted a motion to transfer to the Dis-

5. Three separate protective actions had been timely filed in state court although the writs of summons had not been served for almost three years. Under the circumstances, there was a significant question whether the protective actions tolled the statute of limitations under state law.

6. This court did not receive the file from the District of New Jersey until August 1, 2005. We need not decide whether this date or July 27, 2005 is the critical one for tolling purposes.

trict of Minnesota. The Court of Appeals treated the transfer as one under § 1406(a). While the action was filed in the Southern District of Illinois within Illinois' and Minnesota's two year statutes of limitations, both had expired by the time the action was transferred to the District of Minnesota. Looking to the Illinois statute of limitations, the court held that the statute was tolled once the case was commenced in Illinois and that it remained tolled thereafter when transferred to Minnesota. Regardless of whether the court should have looked to Minnesota rather than Illinois law when a case is transferred under § 1406(a), the significant point remains that the court focused on its interpretation of state law in determining whether the limitations period was tolled. *Cf. Schaeffer,* 58 F.3d 48. Since the court did not analyze Pennsylvania law, *Mayo Clinic* is of no help to plaintiffs.

Section 1406(a), unlike § 1404(a), authorizes a transfer from a district "in which is filed a case laying venue in the wrong division or district." The Supreme Court in *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), a private antitrust action, held that § 1406(a) authorized a district court to transfer an action to another district court even where the transferor court lacked personal jurisdiction over the defendants. The Court recognized that § 1406(a) was enacted to avoid the harsh result of dismissal when a party errs in filing a timely lawsuit in the wrong forum. Without § 1406(a), a dismissal could put a party out of court if it occurs after the statute of limitations has expired. The Supreme Court observed, "When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply." 369 U.S. at 467, 82 S.Ct. 913. *Goldlawr,* it must be emphasized, involved a transfer of a claim for relief under the federal antitrust laws. The Court, therefore, had no occasion to discuss the application of § 1406(a) when state causes of action or state statutes of limitations are involved, and the Court, of course, did not discuss the *Erie* doctrine. It was also decided before *Walker.*

We acknowledge that one of the salutary purposes of § 1406(a) is to permit a transfer to overcome the bar of the statute of limitations that might otherwise result if an action is dismissed by a federal court for improper venue or lack of personal jurisdiction. *Goldlawr,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39. It clearly serves this intended purpose where federal questions are involved. It also does so in diversity cases when the statute of limitations of the state in which the transferee court sits has not expired or the transferee state has an appropriate savings provision in its law. Nonetheless, unlike a transfer under § 1404(a), a transfer under § 1406(a) is not merely a change in courtrooms where the action can be properly filed and tried in either place. A party under *Erie* has the benefit of the law of the state of the transferor court when it is a proper but inconvenient forum. *Van Dusen,* 376 U.S. at 637–40, 84 S.Ct. 805. In this way, "the 'accident' of diversity jurisdiction does not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the state where the action was filed." *Id.* at 638, 84 S.Ct. 805. The Supreme Court describes § 1404(a) as "a housekeeping measure." *Ferens,* 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443; *Van Dusen,* 376 U.S. at 636, 84 S.Ct. 805. We see no reason why § 1406(a) should not be characterized in the same manner, but it does not follow that *Erie* requires the application of the law of the transferor court when it is the *wrong,* as opposed to an inconvenient, fo-

rum. Indeed, in our view, *Erie* requires the opposite, that is, that when a transfer occurs pursuant to § 1406(a) the law of the transferee forum should be applied. The precedents support this principle. *Schaeffer*, 58 F.3d 48; *Tel–Phonic Services*, 975 F.2d 1134. Otherwise, as we have noted earlier, a plaintiff could use the accident of diversity jurisdiction to file in a district where venue is wrong or personal jurisdiction is absent in order to obtain the benefit of more favorable law, including a longer statute of limitations, than would be available if diversity did not exist. This result would make § 1406(a) much more than "a housekeeping measure."

In conclusion, neither Rule 3 of the Federal Rules of Civil Procedure nor § 1406(a) mandates the tolling of a Pennsylvania statute of limitations when a plaintiff files a diversity action in a federal court outside of Pennsylvania where venue is improper or personal jurisdiction is lacking and the action is later transferred to a federal court within Pennsylvania. Only Pennsylvania law may do so. Unfortunately for plaintiffs, the Commonwealth's General Assembly has chosen to adopt limited saving provisions under § 5103(a) and (b)(1). These provisions are not applicable here since this action was not commenced, that is filed, within the relevant two-year limitations period in a Pennsylvania state court or in a federal court for a district embracing any part of the Commonwealth. The result for the plaintiffs is indeed harsh and puts them out of court, but the doctrine of *Erie* and its progeny compels this outcome.

Accordingly, we must grant the motion of defendants for judgment on the pleadings.