

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2007

# Lafferty v. St. Riel

Precedential or Non-Precedential: Precedential

Docket No. 05-5357

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lafferty v. St. Riel" (2007). *2007 Decisions*. Paper 662.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/662

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5357

DEBRA A. LAFFERTY; RANDOLPH C.
LAFFERTY, HER HUSBAND,

Appellants

v.

GITO ST. RIEL; ACHENBACH'S PASTRIES, INC.;
JOHN DOE; MARY DOE; ABC PARTNERSHIPS; DEF
CORPORATIONS; XYZ CORPORATIONS, JOINTLY,
SEVERALLY AND/OR IN THE ALTERNATIVE

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-04094)
Chief District Judge: Honorable Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before: McKEE, AMBRO and FISHER, Circuit Judges

(Opinion filed: July 13, 2007)

Daniel J. Cahill, Esquire
Youngblood, Corcoran, Lafferty & Hyberg
1201 New Road
Suite 230, Cornerstone Commerce Center
Linwood, NY   08221

　　　Counsel for Appellants

Lloyd G. Parry, Esquire
Davis, Parry & Tyler
1525 Locust Street, 14th Floor
Philadelphia, PA   19102

　　　Counsel for Appellees

OPINION OF THE COURT

AMBRO, <u>Circuit Judge</u>

We deal with a deceptively simple issue: which filing date applies for statute of limitations purposes when a federal district court transfers venue to another district under 28 U.S.C. § 1406(a)?  Here, a federal district court in New Jersey with diversity jurisdiction transferred a personal injury claim filed within the limitations statutes of both New Jersey and Pennsylvania to another federal district court in Pennsylvania because the New Jersey district was an improper venue.  The

2

United States District Court for the Eastern District of Pennsylvania held that recovery was barred because the transfer occurred after the running of Pennsylvania's statute of limitations. *Lafferty v. St. Riel*, 397 F. Supp. 2d 602, 603–04 (E.D. Pa. 2005).

That response in this uncertain area is well-reasoned, but we disagree. Even though the suit was filed in an improper, transferor forum in New Jersey, it was timely here because it was filed within the limitations statute for the transferee forum in Pennsylvania, as the filing date for a case transferred under § 1406(a) is that of the initial filing in the improper forum.

## I.    Factual Background

On July 17, 2003, Gito St. Riel, who was driving a delivery truck for Achenbach Pastries (together, "defendants"), was in an automobile accident in Pennsylvania with Debra Lafferty. Almost two years later (July 11, 2005), Lafferty filed a personal injury claim (and her husband filed a loss of consortium claim as well) in the United States District Court for the District of New Jersey. As St. Riel and Achenbach Pastries were citizens of Pennsylvania, and the Laffertys citizens of New Jersey, federal diversity jurisdiction existed under 28 U.S.C. § 1332.[1] They asserted venue under 28 U.S.C. § 1391(a).[2]

---

[1] The statute provides, in relevant part:

3

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States; . . . .

The parties do not discuss whether the amount in controversy exceeded $75,000, and as the District Court did not reach this question, we do not address it (though we presume that threshold was met).

[2] Subsection (a) of § 1391 states:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Laffertys asserted that venue was proper in the New Jersey District Court under § 1391(a) because, "although [Achenbach

4

Sixteen days later (July 27, 2005), the New Jersey District Court transferred the action *sua sponte*, pursuant to 28 U.S.C. § 1406(a),[3] to the Eastern District of Pennsylvania, and the case was docketed there a few days later. Two months later,

Pastries] has a principal place of business in . . . Pennsylvania, its advertising and marketing activities targeted patrons, such as the Plaintiff[s], located in the State of New Jersey." Appellant's Br. at 6. "No discovery was undertaken to determine [the company's] State of incorporation, nor the extent of its marketing activities," *id*, and no mention was made whether "there [was] no district in which the action may otherwise be brought" under the statute.

[3] The District Judge in New Jersey determined that venue was improper because, although the Laffertys are New Jersey citizens, "both defendants clearly reside in Pennsylvania" and "a substantial part of the events giving rise to the claim [including the accident] did not occur in New Jersey." Order Transferring Matter to Eastern District of Pennsylvania, No. 05-3474, at *2 (D.N.J. July 27, 2005). On these facts and the wording of § 1391(a) set out above, *supra* note 2, another court may not have considered the Laffertys' asserted basis for filing in New Jersey sufficient to meet any good-faith requirements for filing in an incorrect forum. However, that the New Jersey District Court transferred—rather than dismissed—this case under § 1406(a) indicates implicitly that it thought the initial filing was done in good faith, but mistaken. The decision to transfer under § 1406(a) thus turns on a question of fact, subject to the District Court's discretion. We do not disturb it here.

5

defendants filed a motion for judgment on the pleadings, asserting that the Laffertys' action was time-barred by Pennsylvania's two-year statute of limitations for personal injury claims.

The Eastern District of Pennsylvania Court determined that the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), requires courts to "apply the substantive law, including conflicts of laws rules" and "statute[s] of limitations," "of the state where the District Court sits . . . , in this case, the law of Pennsylvania" whenever venue was improper. *Lafferty*, 397 F. Supp. 2d at 603–04 (citations omitted). The Court noted that Pennsylvania's statute of limitations for personal injury actions is two years. 42 Pa. Cons. Stat. Ann. § 5524(2).[4] It further noted that this case was barred because it did not fall under exceptions to the state limitations period, 42 Pa. Cons. Stat. Ann. §§ 5103(a), (b)(1). It therefore concluded that the Laffertys' action was untimely because the case was transferred ten days after the Pennsylvania statute of limitations had run—counting the date of the transfer to the Eastern District of Pennsylvania (July 27, 2005) rather than the date of the initial filing in the District of New Jersey (July 11, 2005) as the filing date. Finally, the Court observed that the Laffertys could have filed a protective action in a Pennsylvania commonwealth court or one of the federal district courts sitting in Pennsylvania "to

---

[4] The same is true for personal injury claims applying New Jersey's statute of limitations. N.J. Stat. Ann. § 2A:14-2.

avoid the possibility that the statute of limitations [would] bar an action in situations not exempted by [Pennsylvania's limitations law] . . . ." *Lafferty*, 397 F. Supp. 2d at 605. Concluding that the Laffertys had not availed themselves of the means for bringing a timely claim or otherwise preserving it, the Court granted defendants' motion for judgment on the pleadings.

The Laffertys appeal to us, arguing that they complied with both New Jersey and Pennsylvania statutes of limitations by filing a complaint within two years of the accident. They also point out that the New Jersey District Court simply transferred the matter rather than dismissing it. Thus, they argue, the statute of limitations—for purposes of determining timeliness under Pennsylvania law—must run from the time the case was first filed.[5]

## II.    Discussion

As the District Court noted, federal courts must apply the substantive laws of the forum state in diversity actions, *Erie*, 304 U.S. at 78, and these include state statutes of limitations, *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945); *see also*

---

[5] As noted, the District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of judgment on the pleadings and over questions of statutory interpretation. *E.g.*, *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 193 (3d Cir. 1999).

*Dixon Ticonderoga Co. v. Estate of O'Conner*, 248 F.3d 151, 160–61 (3d Cir. 2001). Also correct is the observation that "*Erie* and its progeny are grounded on the notion that actions in a state court and a federal court involving the same transaction or accident 'should not lead to a substantially different result.'" *Lafferty*, 397 F. Supp. 2d at 603 (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990)); *see also Guaranty Trust*, 326 U.S. at 109 (same). For this case the issue is not so much whose statute of limitations applies; both are the same (two years). It is whether the first-filed complaint, which was timely but in an improper forum, may be heard when the case is transferred— rather than dismissed—to a proper venue where the action would have been timely if filed there initially.[6]

### A.    Venue Transfers under 28 U.S.C. §§ 1404(a) & 1406(a)

The two provisions governing venue transfers at issue here read, in relevant part, as follows:

1.    28 U.S.C. § 1404(a):

---

[6] As the limitations periods here are the same, we expressly do not decide the question whether a § 1406(a) transfer is timely when the periods are different, particularly in situations where the transferee court's statute of limitations is shorter than that of the transferor court. This colloquially termed "next case" is left to another panel of our Court.

Venue:  Change of venue

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2. 28 U.S.C. § 1406(a):

Venue:  Cure or waiver of defects

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Distinctions between §§ 1404(a) and 1406(a) have to do with discretion, jurisdiction, and choice of law. Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); 17A Moore's Federal Practice, § 111.02 (Matthew Bender 3d ed. 2006). Faced with a choice-of-law question, federal courts in the district to which the case has been

9

transferred under § 1404(a) must apply the law of the transferor state.  *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (for defendant-initiated § 1404(a) transfers); *Ferens*, 494 U.S. at 527–28 (extending the *Van Dusen* rule to all § 1404(a) transfers, whether initiated by plaintiff or defendant).

Section 1406(a) comes into play where plaintiffs file suit in an improper forum.  *Jumara*, 55 F.3d at 878; Moore's Federal Practice, *supra*, § 111.02.  In those instances, district courts are required either to dismiss or transfer to a proper forum. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465–66 (1962) (emphasizing that federal district courts may transfer—rather than dismiss—cases that plaintiffs initially brought in an improper forum, regardless whether they otherwise have personal jurisdiction).  When cases have been dismissed for improper venue, plaintiffs in those cases must file anew in a proper forum.  *See* Moore's Fed. Practice, *supra*, § 111.03.  No doubt the filing date in the new forum governs for limitations purposes.  When cases have been transferred for improper venue, transferee courts generally apply the substantive law they would have applied had the action been brought there initially. *See* Moore's Fed. Practice, *supra*, §§ 111.02[2][c], 111.38 (citing cases); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 14D Federal Practice & Procedure: Jurisdiction 3d § 3827 at 581 n.22 (West 2007) (same).  However, there is a question whether a transferee court should count the date of transfer as the date of initial filing under its forum's statute of limitations to bar a claim merely because that statute has run by

the time of the transfer.

## B.    The District Court's Analysis

The District Court's rejection of the Laffertys' claims turns on its analysis of 28 U.S.C. §§ 1404(a) and 1406(a):

> We acknowledge that one of the salutary purposes of § 1406(a) is to permit a transfer to overcome the bar of the statute of limitations that might otherwise result if an action is dismissed by a federal court for improper venue or lack of personal jurisdiction. *Goldlawr*, 369 U.S. at 463. It clearly serves this intended purpose where federal questions are involved.  It also does so in diversity cases when the statute of limitations of the state in which the transferee court sits has not expired or the transferee state has an appropriate savings provision in its law.  Nonetheless, unlike a transfer under § 1404(a), a transfer under § 1406(a) is not merely a change in courtrooms where the action can be properly filed and tried in either place.  . . .  We see no reason why § 1406(a) should not be characterized as ["a housekeeping measure," as was § 1404(a) by the Supreme Court], but it does not follow that *Erie* requires the application of the law of the transferor court when it is the *wrong*, as opposed

11

> to an inconvenient, forum. Indeed, in our view,
> *Erie* requires the opposite, that is, that when a
> transfer occurs pursuant to § 1406(a) the law of
> the transferee forum should be applied.

*Lafferty*, 397 F. Supp. 2d at 608–09 (emphasis in original). From this, the Court concluded that the Laffertys' action was untimely under Pennsylvania law because (1) they filed an action in an incorrect forum (New Jersey) and, applying the laws of the transferee court, the Pennsylvania statute was not tolled pending the transfer of that action under § 1406(a); and (2) they failed to complete service of process according to Pennsylvania's procedural rules.

The first basis of the Court's conclusion—regarding the tolling of the limitations statute for a venue transfer under § 1406(a)—is the threshold matter that determines the outcome of this case. Here, the Court distinguished between the venue transfer statutes by presuming that the impropriety of filing an action in an incorrect forum is a prejudicial factor that bars transferee courts from hearing claims when § 1406(a) transfers are not completed within the transferee state's statute of limitations and according to that state's filing procedures.

We doubt this focus on impropriety as a prejudicial bar. Many courts have noted that the only relevant distinction between the venue-transfer statutes is simply which of "the two principal transfer statutes—§§ 1404(a) and 1406(a)"—is

12

appropriate for transfers: the former is appropriate "when venue is proper and [the latter] should be used when venue is improper." John D. Currivan, *Choice of Law in Federal Court After Transfer of Venue*, 63 Cornell L. Rev. 149, 150 n.10 (1977–78) (citing cases). But many other courts, like the District Court here, "have blurred this distinction," *id.*, by finding that the improper filing prejudices a party when the case is transferred out-of-time.[7] These courts fail to distinguish between the effects of transfers as opposed to dismissals.

## C.     Supreme Court and Courts of Appeals Precedent

The *Goldlawr* Court distinguished between transfers and

---

[7] Proponents of this view argue that if a suit is filed in the wrong district, then transferred pursuant to § 1406, the limitations statute of the transferee forum should apply as if the suit were initiated there on the date it was transferred in order to prevent plaintiffs from forum-shopping. However, while forum-shopping is a concern "where parties purposely file an action in a district with improper venue simply to take advantage of the forum's longer statute of limitations," Richard Maloy, *Forum Shopping? What's Wrong with That?*, 24 Quinnipiac L. Rev. 25, 48 (2005), here the limitations period in either jurisdiction is two years. Thus, we need not fear the specter of forum-shopping that might appear if our holding allowed plaintiffs to file in any federal forum in bad faith. Moreover, there is no allegation of bad faith here.

dismissals under § 1406(a).

> The problem which gave rise to the enactment of [§ 1406(a)] was that of avoiding the injustice which had often resulted to plaintiffs from *dismissal* of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn. . . . [D]ismissal here would have resulted in plaintiff's losing a substantial part of its cause of action under the statute of limitations merely because it made a mistake in thinking that the respondent corporations could be "found" or that they "transact . . . business" in the Eastern District of Pennsylvania. . . .
>
> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue . . . .

14

> If by reason of the uncertainties of proper venue a mistake is made, Congress, by enactment of § 1406(a), recognized that "the interest of justice" may require that the complaint not be *dismissed* but rather that it be *transferred* in order that the plaintiff not be penalized by . . . "time-consuming and justice-defeating technicalities."

369 U.S. at 466–67 (emphasis added) (citations omitted).[8] *Goldlawr*'s discussion of § 1406(a) acknowledges that dismissals will bar actions that are not refiled in the proper forum within the forum state's statute of limitations. By contrast, transfers, "'in the interest of justice,'" "remov[e] whatever obstacles [that] may impede an expeditious and orderly adjudication of cases and controversies on their merits."

---

[8] The Supreme Court recently affirmed the principles set forth in *Goldlawr* in the context of convenience transfers. It noted that Congress codified the doctrine of *forum non conveniens* in §§ 1404(a) and 1406(a), and "has provided for transfer, rather than dismissal," when a transferee venue is the "more convenient place for trial of the action." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. __, 127 S. Ct. 1184, 1190–91 (2007) (citing, *inter alia*, *Goldlawr*, 369 U.S. at 466).

*Id.* at 466–67 (quoting 28 U.S.C. § 1406(a)).[9]

*Goldlawr* establishes the following: (1) the provision is designed to preserve claims that rigid application of dismissal rules may bar; (2) § 1406(a) transfers do not require that prejudice should result from filing an action in an improper forum if the initial filing was made in good faith; and (3) the filing itself of a lawsuit, even in an improper forum, "shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure," and "toll[s] whatever statutes of limitation would otherwise apply." 369 U.S. at 466–67.

We affirmed these *Goldlawr* principles in *Carteret Sav. Bank, F.A. v. Shushan* when we noted that "section 1406(a) is read broadly so that a plaintiff properly laying venue but unable to proceed in the transferor court because of jurisdictional problems does not lose its day in court by reason of the running of the statute of limitations in another forum." 919 F.2d 225, 228, 231–32 (3d Cir. 1990). But the question presented in *Shushan* was different than the one here, for there we considered whether a district court could transfer under § 1406(a) over a

---

[9] In its comparison of these venue-transfer provisions two years after the *Goldlawr* decision, the Supreme Court maintained the distinction between transfers and dismissals by reiterating that "both sections were broadly designed to allow transfer instead of dismissal." *Van Dusen*, 376 U.S. at 633–34.

plaintiff's objections an action where venue was proper.  We concluded that it could not because, even though we read § 1406(a) broadly, we do not allow courts to force transfers "in the interest of justice" where venue was otherwise proper.  *Id.* at 232, 233.  Relevant to the question before us today is that *Shushan* acknowledged that were the § 1406(a) transfer permissible, the plaintiff would not have "los[t] its day in court by reason of the running of the statute of limitations in another forum."  *Id.* at 231–32.

Prior to *Shushan*, in *United States v. Berkowitz*, 328 F.2d 358 (3d Cir. 1964), we recognized implicitly a distinction between transfers and dismissals under §§ 1404(a) and 1406(a). In *Berkowitz*, the Government filed in the Eastern District of Pennsylvania (where it alleged the tax liability arose) a civil action against Morton Berkowitz to recover back taxes.  *Id.* at 359.  He filed a motion to dismiss the action on the ground that the Eastern District of Pennsylvania Court had no personal jurisdiction, as he had abandoned his Pennsylvania residence and become a New York citizen by the time the action was filed. *Id.*  Because the New York limitations period had expired by this time, the Government requested that the Eastern District of Pennsylvania Court transfer the action to the Eastern District of New York rather than dismiss it.  *Id.*  Concluding that it was without power to transfer under § 1404(a) because it had not acquired personal jurisdiction over Berkowitz, and that it could not transfer under § 1406(a) because venue was proper (as the tax liability arose in Pennsylvania), the Eastern District of

17

Pennsylvania Court denied the transfer request and dismissed the action. *Id.* We reversed, holding that a § 1404(a) transfer was available even though there was no personal jurisdiction. Our decision was an extension of the *Goldlawr* rule, which allowed venue transfers under § 1406 in the absence of jurisdiction, to § 1404(a) transfers. *Id.* at 360. In doing so, we acknowledged the difference between transfers and dismissals noted in *Goldlawr*.

In *Young v. Clantech, Inc.*, we also recognized an implicit distinction between dismissals and transfers. 863 F.2d 300 (3d Cir. 1988). We addressed the timeliness of a wrongful death action brought against a New Jersey company on behalf of James Young, who was killed in an industrial accident in Canada in August 1983. His wife filed suit in a Michigan state court in August 1985, two weeks shy of the two-year limitations statute. The Michigan state court dismissed the action for lack of personal jurisdiction, and the wife re-filed in federal court (the District of Washington) in August 1986, almost a year after the Michigan dismissal and far outside the limitations window. The District of Washington Court transferred the action to the District of New Jersey immediately because it lacked personal jurisdiction and also because of *forum non conveniens*.[10] Approximately two years later, in May 1988, the New Jersey

---

[10] Our Court did not, however, specify which statute was used for the transfer; presumably the District Court used § 1406(a).

18

District Court dismissed the case as untimely. We affirmed, holding that "the [timely] filing of a case against a defendant in a court which did not have jurisdiction over the action tolled [the transferee court's] statute of limitations only if the court in which the case was originally filed had authority to transfer the case to the proper court." *Id.* at 301. Because the Michigan state court in which the case initially was filed dismissed, rather than transferred, the action, there was no equitable tolling. *Id.* Moreover, although the federal court in which the case was filed following the dismissal (the District Court of Washington) transferred the action to a third court (the District Court of New Jersey), the action had been refiled almost a year outside of New Jersey's two-year statute of limitations,[11] and therefore was untimely. In implying that it would have permitted the use of a transfer to overcome potential timeliness bars in the transferee state had the Washington action been timely filed in the transferor state (which did not occur because the action in the Michigan state court was dismissed), the *Young* Court's reasoning appears to follow our recognition in *Berkowitz* of the difference between transfers and dismissals set out in *Goldlawr*.

Our sister Courts of Appeals have split on the general question of how to treat limitations issues in cases transferred

---

[11] The parties in *Young* did not dispute the District Court's conclusions that New Jersey law, under which the statute of limitations is two years, governed their case. *Young*, 863 F.2d at 301.

19

under § 1406(a).  The Eighth Circuit Court of Appeals applies the limitations statute of the transferor court in such a transfer. *Mayo Clinic v. Kaiser*, 383 F.2d 653, 656 (8th Cir. 1967) ("[Under] *Goldlawr* . . . [,] the purpose for making transfers would be obliterated in many cases if the statute of limitations of the transferee forum were applied at the date of transfer, and that if such were the rule there would be little purpose in transferring the case instead of dismissing it.").  The Fourth, Seventh, and Eleventh Circuit Courts apply the limitations statute of the transferee court, viewing the date of the transfer as the initial filing date for limitations calculations.  *See LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 526 (4th Cir. 1987) (to avoid forum-shopping); *Geehan v. Monahan*, 382 F.2d 111, 114 (7th Cir. 1967) (upon agreement of counsel for both sides); *Manley v. Engram*, 755 F.2d 1463, 1467 (11th Cir. 1985) (regardless which party requested transfer).

The other Courts of Appeals that have considered this issue—the Second, Fifth, and Sixth—seem to have once applied the laws of the transferor forum, but their latest decisions require courts to apply the transferee forum's rules, without specific reference to the calculation of a limitations statute upon a transfer.  In the Second Circuit, compare *Schaeffer v. Village of Ossining*, 58 F.3d 48, 50 (2d Cir. 1995) ("Following a § 1406(a) transfer, . . . 'the transferee court should apply whatever law it would have applied had the action been properly commenced there.'") (citations omitted), with *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79–80 (2d Cir. 1978) (dismissal and

20

refiling would bar the action with great prejudice to the plaintiffs).  In the Fifth Circuit, compare *Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001) ("[F]ollowing a section 1406(a) transfer . . . [,] the transferee court must apply the choice of law rules of the state in which it sits.") (quoting *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1110 (5th Cir. 1981)), with *Dubin v. United States*, 380 F.2d 813, 814, 816 (5th Cir. 1967) (action filed in improper forum and subsequently transferred to proper venue under § 1406(a) was timely even though the statute of limitations in the transferee forum had expired).  In the Sixth Circuit, compare *Flynn v. Greg Anthony Constr. Co.*, 95 Fed. Appx. 726, 732 n.5 (6th Cir. 2003) ("[A]s a general rule the law of the transferee court applies after a § 1406 transfer . . . ."), with *Taylor v. Love*, 415 F.2d 1118, 1120 (6th Cir. 1969) (affirming the validity and timeliness of filing suit in the improper forum and then transferring it to a proper forum, even if the suit was filed initially "just to stop the running of the statute of limitations [in the transferee forum]").

To repeat, the question before us does not necessarily turn on whether the laws of the transferor or transferee forum apply, as the ordinary rule is that, following transfers, the transferee forum's substantive laws apply.  *See supra*, at 10–11 (citing Moore's Federal Practice, *supra*, §§ 111.02, 111.38; Wright, Miller & Cooper, *supra*, § 3827 at 581 n.22). Instead, we address which date should be considered the filing date for purposes of limitations calculations:  the date of initial filing in

21

the transferor forum or the date of transfer to or docketing in the transferee forum. In our view, the sounder interpretation is that the transferee forum's limitations statute applies and the date of the initial filing in the improper forum counts as the date of the filing in the transferee forum for limitations purposes when the case is transferred rather than dismissed under § 1406(a). Thus, the initial complaint filed here within the transferee forum's limitations period is timely. This interpretation accords with the Supreme Court's treatment of § 1406(a) transfers in *Goldlawr*, as well as its discussions of other transfers in *Van Dusen*, *Ferens*, and *Sinochem*. It also accords with our Court's decision in *Shushan*, which mentioned the statute of limitations issue, as well as our decisions in *Berkowitz* and *Young*, which touched on the difference between dismissals and transfers.

This interpretation finds additional support in the common canon of statutory construction that similar statutes are to be construed similarly (also known by its Latin label of *in pari materia*). *See, e.g., Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S. Ct. 941, 943–44 (2006) ("[U]nder the *in pari materia* canon, statutes addressing the same subject matter generally should be read 'as if they were one law.'") (citations omitted); *Cook v. Wikler*, 320 F.3d 431, 434 (3d Cir. 2003) (applying the *in pari materia* canon).[12] In this regard, our

---

[12] Although §§ 1404(a) and 1406(a) address different situations, the doctrine of *in pari materia* nevertheless applies because both provisions deal with venue.

22

interpretation today parallels the treatment of transfers pursuant to 28 U.S.C. § 1631 ("Transfer to cure want of jurisdiction"), which states as follows:

> Whenever a civil action is filed in a court . . . or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds *that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer* such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the *action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.*

(emphasis added); *see Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 n.3 (9th Cir. 1983) ("For cases transferred for lack of jurisdiction in the transferor court after October 1, 1982, 28 U.S.C. § 1631[] provides that the action 'shall proceed as if it had been filed in . . . the court to which it is transferred . . . .'")

23

(footnote omitted).

Accordingly, we conclude that filing a complaint (otherwise proper) in a "wrong division or district" does not make the complaint disappear, only to appear anew when it is transferred to a proper forum.[13] When a judge elects to transfer

---

[13] We note that there is disagreement on the usage of "wrong" to describe venue or jurisdictional issues that may give rise to § 1406(a) transfers. Wright & Miller criticize judicial statements that "venue is 'wrong'" when referring to an absence of personal jurisdiction over the defendant, as that "blurs the very different concepts of venue and personal jurisdiction." Wright, Miller, & Cooper, *supra*, § 3827. In contrast, Moore says that "the concepts of venue and personal jurisdiction [have become] essentially coextensive," and therefore, venue can be "technically proper" when "it complies with the applicable venue statute" but "wrong" when there is "some other procedural obstacle in the original court, such as a lack of personal jurisdiction over the defendant." Moore's Federal Practice, *supra*, § 111.02. These differences do not affect our case, as there is no issue of personal jurisdiction here. Moreover, *Goldlawr* clarified that courts may use § 1406(a) to transfer cases involving defendants over whom they lack personal jurisdiction.

Here, we use "wrong" district or "improper" venue simply to refer to any impediment to deciding the case on the merits, and without pejorative connotations. *See, e.g.*, *Dubin*, 380 F.2d at 815 ("Looking to the language of § 1406, the statute is couched in terms of 'laying venue in the wrong division or

rather than dismiss a case filed in an improper forum, he elects to allow parties to preserve their claim "in the interest of justice." Thus, when cases, timely filed in an improper forum within the limitations periods of the transferor and transferee forums, are transferred rather than dismissed pursuant to § 1406(a), the date of filing is the initial filing date in the transferor forum, even if the case is not docketed in the new forum until after the limitations period there has run.

In arriving at a contrary conclusion, the District Court pointed to our statement in *Overfield v. Pennroad Corp.* that "[i]f the action is barred by a Pennsylvania statute of limitations, no action can be maintained in Pennsylvania even though the action is not barred elsewhere." *Lafferty*, 397 F. Supp. 2d at 605 (quoting *Overfield*, 146 F.2d 889, 898 (3d Cir. 1944)). *Overfield*, however, did not involve a § 1406(a) transfer. Moreover, it was decided before the Supreme Court clarified the distinction between transfers and dismissals under § 1406(a) in *Goldlawr*.

---

district.' The statute does not refer to 'wrong' venue, but rather to venue laid in a 'wrong division or district.' We conclude that a district is 'wrong' within the meaning of § 1406(a) whenever there exists an 'obstacle [to] . . . an expeditious and orderly adjudication' on the merits."); *see also Porter v. Groat*, 840 F.2d 255, 257 (4th Cir. 1988) ("'[W]rong division or district' . . . mean[s] an impediment to a decision on the merits for some reason other than a mere lack of venue.").

25

The District Court also relied on our statement in *Weaver v. Marine Bank* that "in the context of diversity jurisdiction, . . . a state statute that bars a person from utilizing a state court likewise precludes suit in the federal court." 683 F.2d 744, 747 n.2 (3d Cir.), *rev'd on other grounds*, 455 U.S. 551 (1982). The case involved a state enabling statute by which federal courts transferred claims to state courts. *Id.* at 747 ("The question presented . . . is whether the district court, once having acquired jurisdiction, can transfer the matter to a state court by virtue of a state enabling statute. We are persuaded that it can."). Where parties improperly filed in federal courts, *Weaver* required those courts to transfer claims to state courts rather than dismiss them. 683 F.3d at 745. Contrary to the District Court's conclusion here, *Weaver* did not condition the transfer requirement on an initial filing according to Pennsylvania rules. *Id.*; *cf. Lafferty*, 397 F. Supp. 2d at 607 ("[T]he statute of limitations for an action governed by Pennsylvania law is not tolled until it is commenced, that is, filed [under those rules]."). Moreover, it is not controlling because the issue here is not a federal-to-state transfer via a state enabling statute but a federal-to-federal transfer via § 1406(a).

Finally, the District Court reasoned that Pennsylvania law, 42 Pa. Cons. Stat. Ann. §§ 5103(a), b(1), bars this claim because "this action was not commenced, that is filed, within the relevant two-year limitations period in a Pennsylvania state court or in a federal court for a district embracing any part of the Commonwealth." 397 F. Supp. 2d at 609. However, § 5103

26

does not apply to this claim because it governs transfers from state and federal courts sitting *within* the Commonwealth, not transfers from courts sitting outside the Commonwealth. Subsection (a) requires state courts to treat cases transferred from other state courts "as if originally filed in the transferee court . . . on the date when first filed in the other tribunal [*i.e.*, the transferor state court]." Subsection (b) applies the previous provision to federal courts *within* the Commonwealth and lays out provisions for "transfer[ring]" (read: refiling) cases that the federal court has *dismissed* for lack of jurisdiction. *Id.* These provisions are not applicable here because the District Court in New Jersey sits outside the Commonwealth. As § 5103 is silent about the situation before us, these claims are instead governed by the ordinary rule that Pennsylvania's limitations period here is two years.[14]

---

[14] The fact that Pennsylvania procedure requires hand delivery to the defendant and filing with a prothonotary of a Commonwealth court if the action were filed within the Commonwealth, Pa. R. Civ. P. Rules 402, 1007, does not change this outcome. Service of process in a diversity case must accord with federal rules, even when state rules of a transferee court require "delivery in hand," as they do here. *Hanna v. Plumer*, 380 U.S. 460, 468 (1965). Rule 3 of the Federal Rules of Civil Procedure states that "a civil action is commenced by filing a complaint with the court," and Rule 4(d)(2), which lays out the rules for perfecting service, permits mail delivery. These rules "do[] not affect state statutes of limitations." *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980) (Rule 3); *Hanna*,

27

380 U.S. at 468 (Rule 4). Thus, so long as the Laffertys perfected service of process in the New Jersey District Court according to the Federal Rules—and there is no allegation that they did not—the action indeed "commenced" (that is, it was filed) in a timely fashion. Thus, we disagree with the District Court that "the initial filing in the District of New Jersey . . . did not constitute a 'commencement of an action' under Pennsylvania law," as § 5103 does not apply to actions filed in forums *outside* the Commonwealth. Because the Laffertys filed their diversity action in the District of New Jersey within Pennsylvania's limitations statute, which neither § 5103 nor Rule 3 affects for actions initiated in a forum outside of the Commonwealth, and then transferred that action to a forum within the Commonwealth, the filing was timely.

The rationale for this holding was explained by *Hanna*:

> To hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress' attempt to exercise that power in the Enabling Act [28 U.S.C. § 2072].

*Id.* at 473–74. Furthermore, *Erie*'s "'outcome-determination' test . . . cannot be read without reference to the twin aims of the *Erie* rule: discouragement of forum shopping and avoidance of

28

Even if § 5103 did apply, the claim we decide would be preserved. Its provisions would require the Eastern District of Pennsylvania Court to consider this case as if it were initially filed there on the date when first filed in the District of New Jersey Court, particularly where, as here, the case has not been dismissed and thus is not subject to the refiling requirements. Perhaps any confusion over whether the transfer in this case would survive the restrictions imposed in subsection (b) is because this clause seems to use "transfer" to mean "refile" when it addresses how litigants may pursue their cases in state court after a dismissal by a federal court for lack of jurisdiction. *See* 42 Pa. Cons. Stat. Ann. § 5103(b) ("Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is *dismissed* by the United States court for lack of jurisdiction, any litigant in the matter filed may *transfer* the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth . . . [below].") (emphases added)). Under subsection (b), such an action would be untimely only if it were dismissed and subsequently refiled out of time. Here, however, we have

inequitable administration of the laws." *Id.* at 458; *see also Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990) (explaining the *Erie* rule to intend that actions in state and federal courts involving the same transaction or accident "should not lead to a substantially different result").

no such a dismissal and refiling.  Thus, were § 5103 to apply, the Pennsylvania Eastern District Court would need to proceed under subsection (a), in which case it would consider the filing date in the New Jersey District Court as if it were the initial filing date in the Pennsylvania Eastern District Court.  Because the case was timely filed in the New Jersey District Court, it would also be timely under § 5103 after transfer to the Pennsylvania Eastern District Court.

In short, neither *Overview* nor *Weaver* compels a contrary result because they were not decided with respect to § 1406(a) transfers.  Pennsylvania law is not dispositive because it does not address issues of transfer from outside the Commonwealth.  To determine the timeliness of cases transferred under § 1406(a) from a district court in New Jersey to a district court in Pennsylvania, we look to *Goldlawr* and cases from our Court interpreting that provision.

## III.    Conclusion

The Eastern District of Pennsylvania Court equated transfer under § 1406(a) with dismissal.  On that basis, it applied Pennsylvania law as if the underlying case began on the date of the transfer to it from the District of New Jersey Court rather than the date of filing there.  This, we believe, runs counter to *Goldlawr* and interpretations of our Court in analogous situations.  When a district court transfers venue to another district under § 1406(a), for the purpose of calculating the

30

limitations period of the transferee forum the initial filing date in the transferor forum applies. In this context, the Laffertys' action was timely because it was filed in the District of New Jersey within Pennsylvania's limitations statute and subsequently transferred to the Eastern District of Pennsylvania under § 1406(a). We therefore reverse and remand for further proceedings.