NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3635
_____

EDDY M. MOREAU,
                                        Appellant

v.

WALGREEN CO.

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 06-cv-03347
(Honorable Jose L. Linares)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 16, 2010
Before:  SCIRICA, JORDAN and VANASKIE, <u>Circuit Judges</u>.

(Filed: July 21, 2010 )
_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>.

     Eddy Moreau, proceeding *pro se*, appeals two District Court orders granting the

Defendant/Appellee Walgreen Co.'s ("Walgreen's") motion for summary judgment and

denying Moreau's motion for reconsideration.  For the reasons that follow, we will

affirm.

# I

This case arose from a June 2006 incident in which Moreau visited a Walgreen's pharmacy in Belleville, New Jersey.[1] Moreau entered the store with a duffel bag, which he placed in a shopping cart. Seufus Mendez, the store's assistant manager, witnessed Moreau place several items in the cart. Later, Moreau attempted to return some items with a non-matching receipt. Mendez remembered that Moreau had done the same thing a day or two before, believed that Moreau was running a scam, and refused to accept the items. Mendez also noticed that Moreau's duffel bag was partially filled, and accused Moreau of shoplifting. Moreau fled, and Mendez contacted the police. Moreau was stopped by an officer a short while later and, after Mendez identified him, Moreau was arrested for shoplifting.

During municipal proceedings about two weeks later, Mendez agreed to drop the shoplifting charge against Moreau if he promised not to return to the store. Moreau agreed and the charge was dismissed.

In July 2006, Moreau filed a complaint in the District Court. He alleged that he had not done anything wrong at the Walgreen's, and that by causing him to be arrested, Walgreen's defamed him, caused him emotional distress, and aggravated his preexisting mental illness.[2] Moreau sought $25 million in damages. Walgreen's filed a motion for

---

[1] Unless otherwise noted, the facts as described were not disputed by the parties in the District Court.

[2] Moreau admits he has suffered from depression and schizophrenia since the 1980s.

summary judgment on all three claims, and the District Court granted the motion. Moreau filed an unsuccessful motion for reconsideration, followed by a notice of appeal.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the non-moving party. See Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). We apply the same standard that governs in district court proceedings, under which "a party is entitled to summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)). Because the District Court correctly exercised diversity jurisdiction over the case, we apply the substantive law of New Jersey, the forum state. See Lafferty v. St. Riel, 495 F.3d 72, 76 (3d Cir. 2007).

Regarding Moreau's defamation claim, the District Court reasoned that Walgreen's was entitled to summary judgment based on New Jersey's special interest privilege. The special interest privilege creates a defense to a charge of defamation when the party communicating has an interest in the communication and relates the allegedly defamatory statement to a person with a corresponding interest or duty. See Govito v.West Jersey Health Sys., Inc., 753 A.2d 716, 724 (N.J. Super. Ct. App. Div. 2000).

3

"The critical elements of this test are [1] the appropriateness of the occasion on which the defamatory information is published, [2] the legitimacy of the interest thereby sought to be protected or promoted, and [3] the pertinence of the receipt of that information by the recipient." Bainhauer v. Manoukian, 520 A.2d 1154, 1170 (N.J. Super. Ct. App. Div. 1987). However, a plaintiff may overcome this privilege by demonstrating that the defendant abused it, i.e., that the defendant "[1] knows the statement is false or . . . acts in reckless disregard of its truth or falsity; [2] the publication serves a purpose contrary to the interests of the qualified privilege; or [3] the statement is excessively published." Govito, 753 A.2d at 726 (quotation marks and citations omitted).

The District Court reasoned that even if Mendez's report to the police that Moreau was shoplifting was defamatory, it clearly fell within the special interest privilege. We agree. In New Jersey, "citizens have a qualified privilege to make statements to authorities for the prevention and detection of crime." Dairy Stores, Inc. v. Sentinel Publ'g Co., 516 A.2d 220, 226 (N.J. 1986). Before the District Court, Moreau did not dispute that Mendez genuinely believed he was shoplifting. Although Moreau stated in his motion to reconsider, opening brief, and reply brief that Mendez was lying, Moreau presented no evidence in the District Court that Mendez's conduct fell outside the special interest privilege.

As for Moreau's emotional distress claim, the District Court reasoned that he could not prevail on either an intentional infliction of emotional distress theory or a negligent

4

infliction of emotion distress theory. In negligent infliction cases, distress must be genuine and substantial. See Decker v. Princeton Packet, Inc., 561 A.2d 1122, 1128 (N.J. 1989). Where "complaints amount to nothing more than aggravation, embarrassment, an unspecified number of headaches, and loss of sleep," such distress is, as a matter of law, an insufficient basis for liability. Id. (citations omitted). In intentional infliction cases, "for conduct to be actionable, the emotional distress . . . must be so severe that no reasonable [person] could be expected to endure it." Tarr v. Ciasulli, 853 A.2d 921, 924 (N.J. 2004). Under either cause of action, the plaintiff must demonstrate that the defendant's actions proximately caused the alleged distress. See id.; Decker, 561 A.2d at 1128. Here, the District Court noted that Moreau merely complained of embarrassment, humiliation, anger, anxiety, and lack of sleep, which are not sufficiently severe to support a cause of action under New Jersey law. Even if they were, Moreau did not present medical evidence of these problems, while the medical records in evidence do not establish any causal relationship between Walgreen's actions and Moreau's alleged distress. Thus, we agree that summary judgment as to Moreau's emotional distress claim was appropriate.

Finally, the District Court granted summary judgment with regard to Moreau's claim that Walgreen's aggravated his preexisting mental illness. In a personal injury action, the plaintiff bears the burden of demonstrating that the defendant's actions aggravated a preexisting condition. See O'Brien (Newark) Cogeneration, Inc. v.

Automatic Sprinkler Corp. of Am., 825 A.2d 524, 530 (N.J. Super. Ct. App. Div. 2003). He must also differentiate between preexisting damages attendant to the condition and injuries suffered as a result of the defendant's aggravating conduct. See id. Although the record before the District Court contains evidence relating to Moreau's treatment following the arrest, the District Court reasoned that none of the records showed that his mental condition was aggravated as a result of Walgreen's conduct. Nor did Moreau differentiate between problems attendant to his preexisting conditions and aggravation attributable to Walgreen's. After reviewing Moreau's medical records, we agree with the District Court.

In his motion to reconsider, Moreau challenged the District Court's grant of summary judgment as to each claim, essentially restating the arguments from his opposition to the summary judgment motion. He also alleged, as he did in his opposition, that he could obtain additional medical records to show that his mental illness was aggravated. The District Court denied the motion, reasoning that Moreau's disagreement with the District Court's decision was an improper basis for reconsideration, and, to the extent Moreau sought to introduce new evidence, he failed to explain why he could not have obtained the evidence before. We agree. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Accordingly, we will affirm the judgment of the District Court.