**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4713
_____

In re:  WINSTAR COMMUNICATIONS, INC., et al,
Debtors

WINSTAR HOLDINGS, LLC; IDT CORP.

v.

BLACKSTONE ADVISORY PARTNERS LP f/k/a BLACKSTONE GROUP LP;
IMPALA PARTNERS, LLC; CITIGROUP INC., successor by merger to CITICORP

Winstar Holdings, LLC & IDT Corp.,
Appellants

_____

On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 1-10-cv-00839)
District Judge:  Honorable Leonard P. Stark

_____

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2014
Before:  SMITH, SHWARTZ and ROTH, Circuit Judges

(Opinion filed January 28, 2015)

_____

O P I N I O N*

_____

**ROTH**, Circuit Judge:

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

IDT Corporation and Winstar Holdings, LLC (collectively, IDT) appeals the order of the United States District Court for the District of Delaware, affirming the Bankruptcy Court's denial of their motion to remand to state court in New York and subsequent dismissal of their action as time-barred under Delaware's three-year statute of limitations. For the reasons stated below, we will affirm.

This case arises out of an adversary proceeding in the Bankruptcy Court, in which IDT alleges that it was defrauded by defendants Blackstone Advisory Partners L.P., Impala Partners LLC, and Citigroup, Inc. (collectively, Blackstone), in connection with the sale of assets in a 2001 bankruptcy proceeding. In May 2007, IDT filed this suit in New York Supreme Court. Blackstone then removed to the Southern District of New York and moved for transfer to Delaware, due to the case's connection with the 2001 bankruptcy, while IDT moved to remand. The New York court granted Blackstone's motion and denied IDT's. It found that the current dispute arose in the bankruptcy proceedings and that accordingly the Bankruptcy Court retained exclusive jurisdiction under its order approving the asset sale. Furthermore, the New York court found that IDT had agreed to a forum selection clause in the asset purchase agreement, and that it was not unjust for Blackstone to enforce that forum selection clause despite the fact that none of the defendants were parties to it. Upon receipt, the Delaware District Court referred the case to the Bankruptcy Court. The Bankruptcy Court then found that the claims were time-barred, and on appeal the District Court affirmed.

The suit was filed more than five years after the events allegedly took place. Accordingly, the current dispute centers on whether New York's six-year statute of

2

limitations for fraud claims or Delaware's general three-year statute for torts applies here. Because the New York court found that the Bankruptcy Court had exclusive jurisdiction, the venue of the initial filing was improper, and the case was transferred pursuant to 28 U.S.C. § 1406. Where a case is transferred pursuant to § 1406, rather than § 1404(a), the statute of limitations of the transferee court, not the transferor court, applies.[1]

IDT argues that the New York court did not find transfer mandatory under § 1406, based on its alternative holding, that "even if transfer is not mandatory pursuant to 28 U.S.C. § 1406, discretionary transfer under § 1404(a) in the interests of justice is clearly appropriate." But even were that true, the majority of the court's discussion of § 1404(a) relied on the forum selection clause in the purchase agreement, not an analysis of the public interest factors under § 1404(a). Accordingly, even if we treated the case as transferred under § 1404(a), it would be pursuant to a forum selection clause, and the transferee forum's choice of law rules would apply.[2] Here, as the District Courts both found, because statutes of limitations are procedural for choice of law purposes, the law of the forum, Delaware, applies.[3]

---

[1] *Lafferty v. St. Riel*, 495 F.3d 72, 81 (3d Cir. 2007).

[2] *Atl. Marine Const. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 583 (2013).

[3] The courts and parties discussed the Delaware "borrowing statute," Del. Code tit. 10, § 8121 at great length. As IDT contends, this statute only applies where a plaintiff files in Delaware rather than a foreign forum to take advantage of a more generous Delaware statute of limitations. Here the reverse is true, and IDT sought to take advantage of New York's more generous statute by filing in New York. The Delaware borrowing statute does not apply in this situation.

Delaware's choice of law provision does not have an exception for fraud cases, and began to run in December 2001. The statute expired three years later, and more than two years prior to IDT's commencement of this suit. This action is time-barred.

For the foregoing reasons, we will affirm the judgment of the District Court.[4]

---

[4] We have also reviewed IDT's appeal of the denial of equitable remand and find it without merit.