ALD-112                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1399
_____

IN RE: BENJAMIN CUNNINGHAM
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 2:19-cv-19520)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 23, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 13, 2023)
_____

OPINION[*]
_____

PER CURIAM

In 2019, pro se petitioner Benjamin Cunningham filed a complaint in the United

States District Court for the District of New Jersey.  Defendant the City of New York

filed a motion to dismiss Cunningham's claims, or in the alternative, to transfer venue.

The District Court granted the alternative relief requested by the motion, determining that

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

New Jersey was an improper venue for Cunningham's Amended Complaint. Pursuant to 28 U.S.C. § 1406(a), the District Court transferred venue to the United States District Court for the Southern District of New York. Cunningham now petitions this Court for a writ of mandamus directing the District Court to vacate its order transferring his complaint in relation to Defendant New York and New Jersey Port Authority. Cunningham asserts that Defendant New York and New Jersey Port Authority neither objected to venue, nor filed any answer to his Amended Complaint.

Although mandamus may be used to challenge a § 1406(a) transfer order, relief is generally not available unless the order is not only erroneous but amounts to "an unauthorized exercise of judicial power." Carteret Sav. Bank, F.A. v. Shusan, 919 F.2d 225, 233 (3d Cir. 1990); see Gulf Research & Dev. Co. v. Leahy, 193 F.2d 302, 304-05 (3d Cir. 1951) (explaining that mandamus should not be used as a substitute for appeal and is typically not available for § 1406(a) transfer orders unless there are exceptional circumstances). Cunningham has not demonstrated that the District Court's venue transfer was erroneous, much less that it amounts to an unauthorized exercise of judicial power. His assertion that the District Court erred because Defendant New York and New Jersey Port Authority did not challenge venue is of no avail because a district court may transfer a case under § 1406(a) sua sponte. Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916, 919 (5th Cir. 1987); Cf. Lafferty v. St. Riel, 495 F.3d 72, 75 and n.3 (3d Cir. 2007) (noting that the district court's sua sponte decision to transfer a matter under § 1406(a) would not be disturbed on appeal). Accordingly, we will deny the mandamus petition.